JOHN R. FUNK, ESQ.
(Nevada Bar No. 12372)
jfunk@gundersonlaw.com
Luke A. Walker, Esq.
(Nevada Bar No. 14429)
lwalker@gundersonlaw.com
GUNDERSON LAW FIRM
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222
Facsimile: (775) 829-1226

EDMUND J. FERDINAND, III, ESQ. (pro hac vice pending)
JFerdinand@FIPLawGroup.com
ALEXANDER MALBIN, ESQ. (pro hac vice pending)
AMalbin@FIPLawGroup.com
JOHN F. OLSEN, ESQ. (pro hac vice pending)
JOlsen@FIPLawGroup.com
FERDINAND IP LAW GROUP
450 Seventh Avenue, Suite 1300
New York, NY 10123
Phone: (212) 220-0523

Counsel for Plaintiff, Polymer 80, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| POLYMER80, INC.,<br><br>        Plaintiff,<br><br>- against -<br><br>GLOCK, INC.; and,<br>LIPSEY'S LLC,<br><br><br>        Defendants. | Case No.   3:20-cv-617<br><br>**COMPLAINT FOR INJUNCTIVE**<br>**RELIEF AND DAMAGES**<br><br>(1) Trademark Counterfeiting and Infringement under 15 U.S.C. § 1114<br>(2) False Designation of Origin, Passing Off And Unfair Competition under<br>15 U.S.C. § 1125(a)<br>(3) Common Law Trademark Infringement and Unfair Competition<br>(4) Deceptive Trade Practices under N.R.S. 598.0903, et seq.<br><br>**JURY DEMAND** |

For its Complaint against Defendants Glock, Inc. ("Glock") and Lipsey's, LLC ("Lipsey's") (collectively, "Defendants"), Plaintiff Polymer80, Inc. ("Polymer80" or "Plaintiff"), a Nevada corporation, complains and alleges as follows:

### Nature of the Action

1. This is an action in law and for equity for trademark infringement, counterfeiting, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, with pendent claims for common law trademark infringement and state deceptive trade practices under the laws of the State of Nevada. Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

### The Parties

2. Plaintiff Polymer80, is a Nevada corporation with its principal place of business located at 134 Lakes Boulevard Dayton, Nevada 89304.

3. Upon information and belief, Defendant Glock is a Georgia corporation with its principal place of business located at 6000 Highlands Parkway SE, Smyrna, Georgia 30082.

4. Upon information and belief, Defendant Lipsey's is a Louisiana limited liability company with its principal place of business at 7277 Exchequer Drive, Baton Rouge, Louisiana 70809.

### Jurisdiction and Venue

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 15 U.S.C. § 1121 because Plaintiff's claims arise under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

6. This Court may exercise personal jurisdiction over Defendants because they: (i) regularly conduct business in the State; (ii) have engaged in the acts complained of herein in the State and/or (iii) committed tortious acts that they knew or should have known would cause injury to Plaintiff in the State of Nevada and in this Judicial District.

7. Venue is proper in this Judicial District under 28 U.S.C. § 1391.

///

## Facts Common To All Counts

### Plaintiff's Valuable Rights in the P80 Trademark

8. Polymer80 is a world-renowned designer and developer of innovative firearms and after-market accessories that are sold in the U.S. and throughout the world. Polymer80's innovative firearms and accessories provide ways for customers to participate in the firearms build process as a means to express their Constitutional right to bear arms.

9. Polymer80 owns U.S. Federal Trademark Registration No. 5,554,987 for the mark "P80" for use in connection with firearms and component parts for guns with priority of rights dating back to 2013 (the "Registration") (a copy of the Registration is attached hereto at **Exhibit "1"**).

10. Polymer80 has achieved strong rights in the P80 Mark on both firearms and on component parts for guns through extensive sales and marketing of products bearing the mark, including the products depicted herein from Plaintiff's web site at www.Polymer80.com:



-3- COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Each of the products featured in the above screenshot prominently bear the P80 Mark. As just one example:




11. Plaintiff's P80 Mark is inherently distinctive to the public and the trade with respect to firearms and component parts for guns and serves primarily as a designator of origin of products emanating from, or sponsored by, licensed by, or affiliated with Plaintiff.

12. As a result of Polymer80's substantial sales, marketing and promotional activities for goods bearing the P80 Mark since 2013, the public and the trade have come to recognize the P80 Mark as exclusively identifying high quality products emanating from Plaintiff, and the P80 Mark has achieved secondary meaning and extensive goodwill such that the mark designates a single source of origin to customers in the United States.

**Defendants' Acts of Infringement and Unfair Competition**

13. Defendants recently began promoting and offering for sale a "Lipsey's Exclusive GLOCK P80 9MM" pistol in the United States (the "Infringing Product"):

///
///
///
///
///




14. Polymer80's ownership of the Registration for the P80 Mark grants it the exclusive right to use the P80 Mark on the registered goods of firearms and component parts for guns, and also prevents the use and registration of the mark by third parties on similar or related goods.

15. Plaintiff has never licensed or authorized Defendants to use the P80 Mark in the United States in connection with the Infringing Product or any other product.

16. The Infringing Product bears Plaintiff's P80 Mark on the product and in marketing and promotional materials.

17. The Infringing Product is identical to goods identified in Plaintiff's Registration for the P80 Mark, namely firearms, and bears a spurious designation that is identical to Plaintiff's P80 Mark. Therefore, the Infringing Product is a counterfeit product under the Lanham Act.

18. The Infringing Product is competitive with products sold by Plaintiff bearing the P80 Mark and is sold through identical and overlapping distribution channels of trade.

19. Defendants' aforementioned counterfeit and unauthorized use of the P80 Mark in connection with marketing, promotion, advertising, offering for sale, distributing, and selling the Infringing Product has been directed at consumers located in the State of Nevada, this Judicial District, and nationwide.

20. The manufacturing, advertising, marketing, promoting, distribution, offering for sale, and sale of the Infringing Product, and use of identical imitations of the P80 Mark in connection therewith, engaged in and/or knowingly facilitated by Defendants is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into falsely believing that the Infringing Product is manufactured by, licensed by, authorized by, or otherwise approved by Plaintiff.

21. Defendant's actions are likely to cause initial interest, point-of-sale and/or post-sale confusion to the irreparable harm and detriment of Plaintiff and the substantial goodwill it has developed in the P80 Mark in at least three distinct ways in violation of Plaintiff's valuable rights in the P80 Mark:

   a) It creates a likelihood of traditional forward trademark confusion in that purchasers will believe mistakenly that there is an affiliation between Lipsey's and GLOCK, on the one hand, and Polymer80, on the other hand, when no such affiliation exists;

   b) Alternatively, given the size and marketing capacity of GLOCK, there is a strong case of reverse trademark confusion in that consumers will mistakenly believe that Polymer80, the true and rightful owner of the federally-registered P80 Mark, is infringing on the rights of GLOCK and Lipsey; and/or

   c) Finally, there is also a strong likelihood of post-purchaser confusion given that consumers have already drawn an association between the marks and products on social media. This confusion is harmful to Polymer80, its business and its valuable P80 federally-registered trademark.

22. The different types of consumer and trade confusion described above is not merely theoretical; it has already occurred. Evidence showing such confusion and a false association between the parties' and their respective branded products may be found in media articles (see **Exhibit "2"**) and in social media posts (see **Exhibit "3"**).

///

23. Defendants had actual knowledge of the P80 Mark and Plaintiff's rights with respect thereto when it began manufacturing, advertising, marketing, promoting, distributing, offering for sale, and/or selling the Infringing Product, and/or facilitating such activities by third parties.

24. Defendants were aware or should have been aware that the marketing, distribution and sale of the Infringing Product would likely cause confusion among consumers as to the source, sponsorship, or affiliation of the Infringing Product.

25. Defendants knowingly, willfully, intentionally, and maliciously adopted and used identical imitations of the P80 Mark on the Infringing Product to mislead and deceive consumers into believe that the Infringing Products is licensed or authorized by, or emanates from, Plaintiff, and to free-ride and otherwise trade on the substantial marketplace goodwill and reputation of Plaintiff embodied in the P80 Mark.

26. Defendants have acted in bad faith, with malicious intent, and in knowing disregard of Plaintiff's rights in and to the P80Mark, with the intent of free-riding on the substantial marketplace reputation and goodwill associated with the P80 Mark.

27. The likelihood of confusion, mistake, and deception caused by the above-described misconduct of Defendants is causing irreparable harm to the goodwill symbolized by the P80 Mark.

28. Upon information and belief, by virtue of its above-described misconduct, Defendants have made substantial profits and gains to which they are not entitled in law or equity.

29. Plaintiff objected to Defendants' infringing activities by letter dated September 30, 2020 (see **Exhibit "4"**). Defendants' responded through legal counsel by letter dated October 12, 2020 (*see* **Exhibit "5"**) and in so doing, asserted the defense of trademark fair use that is legally untenable and not applicable here; and raised certain other extraneous matters regarding past disputes between the parties that are irrelevant as a matter of fact and law because all such matters were settled and released.

30. Hence, notwithstanding Plaintiff's objections, Defendants continue to sell the Infringing Product that bears the spurious P80 designation in violation of Plaintiff's exclusive registered trademarks rights and common law trademark rights.

///

31.     As a result, intervention of this Court is required to put a stop to Defendants' infringing activities, protect the reputation and marketplace goodwill of Plaintiff and its P80 Mark from further harm, and prevent further consumer confusion by enjoining Defendants from engaging in further marketing, sales, and distribution of the Infringing Product.

**FIRST CAUSE OF ACTION**
**Federal Counterfeiting**
**(15 U.S.C. § 1114)**

32.     Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

33.     Defendants have used in commerce a spurious mark that is a counterfeit of, identical to, and substantially indistinguishable from, Plaintiff's federally-registered P80 Mark in connection with goods identical to goods identified in Plaintiff's Registration, namely, firearms.

34.     Defendants have used the mark knowing that it is a counterfeit in connection with the promotion and/or sale of goods identical to the goods of Plaintiff without the consent or authorization of Plaintiff, in a manner likely to cause confusion, to cause mistake, or to deceive as to source or origin among consumers.

35.     Defendants' unauthorized use of Plaintiff's federally-registered P80 Mark is likely to mislead and cause consumers and/or the general public to falsely believe that Defendants' Infringing Product is manufactured or distributed by Plaintiff, or is associated or connected with Plaintiff, or has the authorization, sponsorship, endorsement, or approval of Plaintiff.

36.     Defendants' actions demonstrate an intentional, willful, and malicious intent to counterfeit Plaintiff's federally-registered P80 Mark.

37.     Defendants' actions constitute counterfeiting under 15 U.S.C. § 1114.

38.     Plaintiff's goodwill in its federally-registered P80 Mark will be irreparably harmed if Defendants' illicit use thereof is not enjoined.

39.     Defendants have intentionally used and continue to intentionally use spurious marks that are counterfeits of, identical to, and substantially indistinguishable from, Plaintiff's P80 Mark, in connection with the promotion, distribution, and sale of goods identical to goods offered by and/or with the authority of Plaintiff under its P80 Mark and identified in its Registration. Pursuant

to 15 U.S.C. § 1117(b), Plaintiff is entitled to recover treble profits or damages, whichever amount is greater, together with reasonable attorneys' fees.

40. Because Defendants have caused, and are likely to continue causing, substantial injury to the public and to Plaintiff for which Plaintiff has no adequate remedy at law, and because this is an exceptional case, Plaintiff is entitled to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117(c), as well as seizure of the Infringing Products under 15 U.S.C. § 1116.

41. Plaintiff has been damaged by the aforementioned acts of Defendants in an amount that is as yet undetermined. If the aforementioned acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### Infringement of Federally Registered Trademarks
### (15 U.S.C. § 1114)

42. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

43. Defendant have used in commerce marks that are confusingly similar to Plaintiff's federally-registered P80 Mark in violation of 15 U.S.C. § 1114.

44. Defendants' use of confusingly similar imitations of Plaintiff's federally-registered P80 Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is manufactured or distributed by Plaintiff, or is associated or connected with Plaintiff, or has the authorization, sponsorship, endorsement, or approval of Plaintiff.

45. Defendants' illicit activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, irreparable injury to Plaintiff's goodwill and reputation as symbolized by its federally registered P80 Mark, for which Plaintiff has no adequate remedy at law.

46. Defendants' illicit activities demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered P80 Mark, to Plaintiff's substantial and irreparable harm.

///

47. Because Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and because this is an exceptional case, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C §§ 1114, 1116, and 1117.

### THIRD CAUSE OF ACTION
### Federal Trademark Infringement, False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

48. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

49. Defendants' unauthorized use of the P80 Mark and confusingly similar imitations thereof has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is manufactured or distributed by Plaintiff, or is affiliated, connected, or associated with Plaintiff, or has the authorization, sponsorship, endorsement, or approval of Plaintiff.

50. Defendants have used false designations of origin in violation of 15 U.S.C. § 1125(a). Defendants' illicit activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the P80 Mark, for which Plaintiff has no adequate remedy at law.

51. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the P80 Mark to the substantial and irreparable injury of Plaintiff.

52. Because Defendants have caused, and are likely to continue causing, substantial injury to the public and to Plaintiff, and because this is an exceptional case, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C §§ 1125(a), 1116, and 1117.

///

///

///

///

## FOURTH CAUSE OF ACTION
### Trademark Infringement, Unfair Competition & Misappropriation Under Common Law

53. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

54. Defendants' illicit activities with respect to the P80 Mark alleged herein constitute trademark infringement, unfair competition, and misappropriation of Plaintiff's goodwill under the common law of the State of Nevada.

55. Defendants are directly liable for their illicit activities with respect to the P80 Mark alleged herein.

56. Defendants' illicit activities with respect to the P80 Mark alleged herein have, at times relevant to this action, been willful.

57. As a direct and proximate result of Defendants' illicit activities with respect to the P80 Mark alleged herein, Plaintiff has been and, unless Defendants' illicit activities with respect to the P80 Mark are enjoined by this Court, will continue to be damaged and irreparably harmed.

58. Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
### Deceptive Trade Practices
### Under NRS § 598.0915

59. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein

60. In the course of conducting their business, Defendants knowingly made false representations as to affiliation, connection and/or association with Plaintiff by using a mark identical to Plaintiffs' trademark and otherwise engaging in deceptive trade practices.

61. Defendants' aforesaid acts constitute deceptive trade practices in violation of NRS § 598.0915 of the State of Nevada.

62. As the direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to their business, reputation and goodwill.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A.  That the Court enter judgment in favor of Plaintiff and against the Defendants on all claims for relief alleged herein;

B.  That a preliminary and permanent injunction issue pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116) enjoining and restraining the Defendants and their respective owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, from using, on or in connection with the manufacture, sale, importation, exportation, purchase, order, offer for sale, distribution, transmission, advertisement, display and promotion of any products bearing the P80 Mark or other marks that are confusingly similar to the P80 Mark, including but not limited to the P80 Mark on the Infringing Product;

C.  That Defendants be ordered immediately to recall any and all Infringing Products and any other packaging, containers, advertising or promotional material or other matter that display the P80 Mark or other marks that are identical or substantially similar to the P80 Mark, including but not limited to the P80 Mark on the Infringing Product;

D.  That Defendants be ordered to deliver to Plaintiff for destruction any and all Infringing Products as well as any other packaging, containers, advertising or promotional material or other matter bearing the P80 mark pursuant to 15 U.S.C. §1118;

E.  That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction pursuant to 15 U.S.C. §1116;

F.  Ordering Defendants jointly and severally to account for all gains, profits and advantages derived from its acts of counterfeiting; infringement, false designation, unfair competition and other violations of law alleged herein;

G.  Ordering that Defendants jointly and severally be ordered to pay for Plaintiff's

| | |
|---|---|
| 1 | actual damages according to proof and all profits realized by Defendants by reason of the unlawful |
| 2 | acts by Defendant alleged in this Complaint, pursuant to 15 U.S.C. § 1117; |
| 3 |     H.    Ordering that Defendants jointly and severally be ordered to pay treble damages to |
| 4 | Plaintiff on account of their willful, intentional and bad faith conduct pursuant to 15 U.S.C. § 1117; |
| 5 |     I.    Ordering that Defendants jointly and severally be ordered to pay statutory damages |
| 6 | of up to $ 2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or |
| 7 | distributed, as the Court considers just, pursuant to 15 U.S.C. § 1117(c); |
| 8 |     J.    Ordering that Defendants jointly and severally be ordered to pay to Plaintiff punitive |
| 9 | and exemplary damages as provided by Nevada law; |
| 10 |     K.    Directing that Defendants jointly and severally be ordered to pay to Plaintiff its |
| 11 | reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendants' |
| 12 | intentional and willful misconduct, pursuant to 15 U.S.C. § 1117; |
| 13 |     L.    Awarding Plaintiff pre-judgment and post-judgment interest to the maximum extent |
| 14 | provided by law; and, |
| 15 |     M.    Awarding Plaintiff such other and further relief as the Court may deem just and |
| 16 | proper. |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all counts so triable.

Executed in Reno, Nevada

Dated: This __3__ day of November, 2020.

GUNDERSON LAW FIRM

By: _____
JOHN FUNK, ESQ.
(Nevada Bar No. 12372)
jfunk@Gundersonlaw.com
3895 Warren Way
Reno, NV 89509
Phone: (775) 829-1222
Facsimile: (775) 829-1226

EDMUND J. FERDINAND, III, ESQ.
JFerdinand@FIPLawGroup.com
ALEXANDER MALBIN, ESQ.
AMalbin@FIPLawGroup.com
JOHN F. OLSEN, ESQ.
JOlsen@FIPLawGroup.com
FERDINAND IP LAW GROUP
450 Seventh Avenue, Suite 1300
New York, NY 10123
Phone: (212) 220-0523
*Counsel for Plaintiff, Polymer 80, Inc.*

# EXHIBIT LIST

| Exhibit # | Description | Pages |
|---|---|---|
| Exhibit "1" | Registration | 1 |
| Exhibit "2" | Media Articles | 15 |
| Exhibit "3" | Social Media Posts | 5 |
| Exhibit "4" | Plaintiff objected to Defendants' infringing activities by letter dated September 30, 2020 | 3 |
| Exhibit "5" | Defendants' responded through legal counsel by letter dated October 12, 2020 | 5 |