Matthew D. Francis
Nevada Bar No.: 6978
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, NV  89511
Telephone:  (775) 324-4100
Facsimile:  (775) 333-8171
Email:  mfrancis@bhfs.com

John F. Renzulli
New York Bar No.: 1931476
(Admitted *pro hac vice*)
Joshua Paul
New York Bar No.: 1991389
(Admitted *pro hac vice*)
Gavin M. Strube
New York Bar No.: 5507728
(Admitted *pro hac vice*)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone:  (914) 284-0700
Facsimile:  (914) 285-1213
Email: jrenzulli@renzullilaw.com
         jpaul@renzullilaw.com
         gstrube@renzullilaw.com

*Attorneys for Defendants GLOCK, INC.; and LIPSEY'S, LLC.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| POLYMER80, INC., <br><br>           Plaintiff, <br><br> v. <br><br> GLOCK, INC.; and LIPSEY'S, LLC, <br><br>           Defendants. | CASE NO.:  3:20-cv-00617-MMD-CLB <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of plaintiff Polymer80, Inc. and defendants Glock, Inc. and Lipsey's, LLC, it is hereby ORDERED:

1

1. This Order shall govern the handling of all documents, things, answers to interrogatories, responses to requests for admission, deposition testimony and transcripts, exhibits, affidavits, briefs, and all other discovery materials and information (collectively, "*Materials*") produced, provided, or disclosed by the parties to this action ("*Parties*," each a "*Party*") in the course of this litigation.

2. Any non-party to this action who provides deposition testimony, documents, things, or other discovery materials or information pursuant to a subpoena or by agreement shall be entitled to avail itself of the provisions and protection of this Order. Where the context so requires, references herein to the terms "Party," "Producing Party," or "Receiving Party" shall be construed as applying to the non-parties as well.

3. Any Party that produces, provides, or discloses Materials in the course of this litigation ("*Producing Party*") may designate as "CONFIDENTIAL" those Materials which it, in concurrence with its counsel, believes in good faith contain trade secrets, proprietary information, or sensitive commercial, financial, business, or personal information that is not publicly known or that cannot be compiled from public sources without substantial effort or expense, under the standards of Rule 26 of the Federal Rules of Civil Procedure. A Producing Party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" those Materials which meet the criteria for the "CONFIDENTIAL" designation and that, in the Producing Party's good faith estimation, and in concurrence with its counsel, are extraordinarily commercially sensitive (i.e., would be injurious to the commercial interests of the designating entity), under the Standards of Rule 26 of the Federal Rules of Civil Procedure.

4. The adverse Party to whom a Producing Party produces, provides, or discloses "CONFIDENTIAL" Materials ("*Receiving Party*") may disclose such Materials only to the following:

(a) The Receiving Party, and those of its directors, officers, and employees who are reasonably required to view the "CONFIDENTIAL" Materials in order to assist counsel in the prosecution or defense of this action.

(b) The Receiving Party's outside and in-house counsel, and their respective administrative and clerical staffs whose functions require access to such "CONFIDENTIAL" Materials.

(c) Independent consulting or testifying experts ("*Experts*") who are working with the Receiving Party's counsel in this action and who are not employees of the parties or their affiliates and whose advice, consultation, and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action. Counsel for the Receiving Party must cause any such Experts to sign the Confidentiality Undertaking set forth in Exhibit 1 ("*Confidentiality Undertaking*") before disclosing "CONFIDENTIAL" Materials to them. Counsel for the Receiving Party shall keep a record of all "CONFIDENTIAL" Materials that it discloses to any Expert. Notwithstanding the foregoing, under no circumstances may a Receiving Party disclose "CONFIDENTIAL" Materials of an opposing Party to any Expert or consultant who is employed by the Receiving Party or its affiliates or by a competitor of the Producing Party.

(d) Third-party deposition or trial witnesses ("*Witness*"), subject to the following conditions:

   i. At least five (5) business days before disclosing "CONFIDENTIAL" Materials to the Witness, the Receiving Party must notify the Producing Party of the specific Materials (viz., documents, portions of deposition transcripts, etc.) it intends to disclose to the Witness. During this time, the Producing Party may object to the proposed disclosure. If objection is made, counsel for the Receiving Party may not disclose the "CONFIDENTIAL" Materials to the Witness until such time as the Parties agree otherwise. If the Parties cannot agree, the Party seeking to disclose

       the information to a Witness shall not do so without first obtaining Court approval in accordance with this Protective Order.

    ii. If no objection is made, the parties otherwise agree, or the Court orders disclosure, counsel for the Receiving Party must cause the Witness to sign the Confidentiality Undertaking before disclosing the "CONFIDENTIAL" Materials to the Witness.  The Receiving Party must retain copies of all Confidentiality Undertakings so obtained and must produce a copy of the undertaking to counsel for the Producing Party before the Witness testifies or upon request.

  (e) Outside deposition, photocopying, eDiscovery, trial support, jury consulting, or other similar vendors.

  (f) The Court and its personnel.

  (g) Other persons with the consent of all Parties or by Court Order who, prior to any disclosure, have been given a copy of this Order and have signed the Confidentiality Undertaking.

  5. A Receiving Party may disclose Material that a Producing Party has designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons and in the manner described in Paragraphs 4(b) through 4(g) above.

  6. Counsel for each party shall maintain copies of executed Confidentiality Undertakings with respect to all persons described in Paragraphs 4(c), (d) or (g) and 5 to whom counsel has disclosed or exhibited any Materials subject to this Order.

  7. Nothing contained herein shall be construed to prohibit a Receiving Party from disclosing a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" document to any person who is identified on the face the document as an author or recipient of that document.

  8. In the event that a Party shall desire to provide access to Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or

category of persons not included in Paragraphs 4 or 5 hereof, it shall move this Court for an order that such person or category of persons may be given access to such Materials. Before filing any such motion, the Party seeking disclosure must confer with any opposing Parties in an attempt to resolve the dispute without the Court's intervention.  In the event that the parties reach agreement or a motion seeking disclosure is granted, such person or category of persons may have access to the confidential Materials, provided that, prior to any disclosure, the person or persons have been given a copy of this Order and have signed the Confidentiality Undertaking.

9. A Receiving Party may use Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by an adverse Producing Party *solely* for the purpose of prosecuting or defending against the claims asserted in the current civil action pending before the United States District Court for the District of Nevada and may not use the Materials for any other purpose.  All information produced or exchanged during the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

10. The Parties shall designate "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials in the following manner:

(a) In the case of documents, affidavits, exhibits, briefs, interrogatory responses, and responses to requests for admission, designations shall be made at the time of service or production by placing an appropriate legend or notation on each page of any such document, affidavit, exhibit, brief, interrogatory response, or response to a request for admission. In the case of inspections of premises or things, designations shall be made at the time of inspection.

(b) In the case of depositions, designation of any portions of the transcript (including exhibits) shall be made either orally at the deposition or by giving written notice of

such designation within fifteen (15) business days after the designating party receives a copy of the transcript. During the period of time between the taking of the deposition and the end of the fifteen (15) business-day period, all transcripts, exhibits and the information contained within the transcript and, where applicable, exhibits shall be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in their entireties. The party asserting confidentiality shall mark the specific pages and exhibits so designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall send a list and/or copy of such designated pages to the other parties and the court reporter. In preparing the transcript and exhibits, the court reporter shall conform all copies of the material in their possession to reflect such confidentiality designation; shall separately bind the various portions of the deposition testimony and/or exhibits – so as to separate the non-confidential portion of the transcript and/or exhibits, from the "CONFIDENTIAL" portion of the transcript and/or exhibits, from the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" portion of the transcript and/or exhibits; and shall mark the face of each separately bound transcript containing such confidential testimony and/or exhibits "CONFIDENTIAL PURSUANT TO COURT ORDER" or "CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY", as appropriate.

(c) If a Party or non-party witness designates testimony and/or exhibits as confidential during a deposition by so stating on the record either at the commencement of the deposition or at any time during the deposition, all persons who are not entitled to be privy to the confidential information pursuant to Paragraphs 4 and 5 hereof ("Unauthorized Persons") shall be excluded from those portions of the deposition proceeding at which such information is disclosed. In the event that testimony or exhibits are designated as confidential during a deposition, the court reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as confidential and shall mark the face of each separately bound transcript

6

containing such confidential testimony and/or exhibits "CONFIDENTIAL PURSUANT TO COURT ORDER" or "CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY", as appropriate. Nothing contained herein shall prevent either Party from applying to the Court to exclude Unauthorized Persons from any hearing, trial, or other court proceeding.

11. If at any time during the pendency of this civil action, counsel for a Receiving Party claims that a Producing Party has unreasonably designated Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," it shall be the Receiving Party's responsibility to move the Court for an order compelling production or disclosure of the Materials. Before filing any such motion, the Receiving Party must confer with the Producing Party in an attempt to resolve the dispute without the Court's intervention. In addition to service on the opposing Party, a copy of any such motion shall be served on any non-party who designated the material at issue, if applicable, and such non-party shall have standing to oppose such motion before the Court. On such motion, the entity asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure should be restricted.

12. Unless otherwise permitted by statute, rule, or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the Parties, the Party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. Motions to seal shall comply with LR IA 10-5 and the requirements of Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). See also, Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016). Notwithstanding the foregoing, a party seeking a designation of "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" retains the obligation to defend such designation.

   13. No copy of any transcript of any deposition taken by any Party which is designated in part or in whole as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be prepared or furnished by the court reporter to any person other than to attorneys of record for the Parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY". If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this action, filed under seal in accordance with Paragraph 12 above, unless otherwise agreed upon by the Parties.

   14. The following shall govern the (a) inadvertent failure by a Party to designate Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and (b) inadvertent disclosure or production by a Party of any materials which the Party later claims should not have been produced because of a claimed privilege:

   (a) Inadvertent failure to designate Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" prior to disclosure, production, or response shall not prevent a subsequent confidentiality designation. A Producing Party shall assert any such confidentiality designation by letter promptly sent after discovery of such inadvertent failure. Any disclosure by the Receiving Party prior to receipt of the letter shall not be a violation of this Order.

   (b) Inadvertent disclosure or production of any Materials which a Party later claims should not have been produced because of a privilege ("***Inadvertently Produced Privileged Materials***") will not be deemed to waive any privilege. A Producing Party shall assert

any such privilege or work-product claim promptly upon discovery of its inadvertent production and request the return of any Inadvertently Produced Privileged Materials by notifying the recipient of the Materials of its claim in writing or orally at a deposition or other hearing of record. A request for the return of such Materials *("Request to Return")* shall identify the Materials inadvertently produced and the basis for withholding such Materials from production. If a Producing Party requests the return of any Inadvertently Produced Privileged Materials in the custody of the Receiving Party, the Receiving Party shall return all such Materials (and all copies thereof), recall any copies of such Materials previously distributed, and expunge all copies of such Materials from its electronic and paper files – *unless*, within ten (10) days of receiving the Request to Return, the Receiving Party applies to the Court to challenge the Producing Party's claim of privilege. A Receiving Party may not assert the fact or circumstance of inadvertent production as a ground for an order compelling production.

15. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected materials, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

16. In the event that a Party to whom confidential Materials have been disclosed receives a discovery request, subpoena, order, or other form of compulsory process requiring that it (the "Subpoenaed Party") produce information, documents, things, or other materials that another Party or non-party (the "Designating Party") have designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Subpoenaed Party shall notify the court or administrative agency that issued the subpoena that it (the Subpoenaed Party) is precluded from making the requested production on the grounds of this Order and shall promptly notify the

designating Party of the demand. If the designating Party elects to resist production of the materials, it shall promptly so notify the Subpoenaed Party, and the latter shall cooperate in affording the designating Party the opportunity to oppose or limit production of the materials, provided that the designating Party shall bear all expenses, including attorneys' fees and costs, incurred by the Subpoenaed Party in connection therewith.

17. The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court.

18. At any hearing relating to this litigation prior to trial before any judicial officer, subject to the Rules of Evidence and orders of the Court, a Party may use any "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing Party to permit the opposing Party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared and that the court employees be advised as to the terms of this Protective Order. If any Party reasonably anticipates that "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation. If the Court denies any such request, the use of the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information or documents in Court shall not affect its coverage by this Protective Order or constitute a waiver of confidentiality with respect thereto.

19. To the extent a particular lawyer-client communication made on or after September 30, 2020 qualifies for protection under the attorney-client privilege, that

communication need not be listed on a privilege log or otherwise identified to the other Party under Fed. R. Civ. P. 26(b).

20. Unless the Court orders otherwise, the confidentiality obligations imposed by this Order shall remain in full force and effect after final disposition of this action in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

21. This Protective Order shall not prevent any of the Parties from applying to the Court for relief therefrom, or from applying to the Court for further and additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

22. At the conclusion of this litigation (and, in all events, no later than 30 days after entry of final judgment with all rights of appeal therefrom having been exhausted) a Receiving Party must either: (a) return to the appropriate Producing Party copies of all Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or (b) certify in writing to the appropriate Producing Party that all such Materials have been destroyed. Notwithstanding the foregoing, outside counsel for a Receiving Party may retain one copy of any such Materials for archival purposes.

GUNDERSON LAW FIRM
*Attorneys for Plaintiffs, Polymer80, Inc.*

By: /s/ *John R. Funk*
    John R. Funk
    Nevada Bar No.: 12372
    jfunk@gundersonlaw.com
    Luke A. Walker
    Nevada Bar No.: 14429
    lwalker@gundersonlaw.com
    GUNDERSON LAW FIRM
    3895 Warren Way
    Reno, NV 89509
    Telephone: (775) 829-1222
    Facsimile: (775) 829-1226

BROWNSTEIN HYATT FARBER SCHRECK, LLP
*Attorneys for Defendants, Glock, Inc. and Lipsey's, LLC*

By: /s/ *Matthew D. Francis*
    Matthew D. Francis
    Nevada Bar No.: 6978
    mfrancis@bhfs.com
    Reno, NV 89511
    Telephone: (775) 324-4100
    Facsimile: (775) 333-8171

-and-

Edmund J. Ferdinand, III
New York Bar No.: 2605988
(Admitted *pro hac vice*)
jferdinand@fiplawgroup.com
Alexander Malbin
New York Bar No.: 5028725
(Admitted *pro hac vice*)
amalbin@fiplawgroup.com
Diane T. Gorczyca
New York Bar No. 5748397)
(Admitted *pro hac vice*)
dgorczyca@fiplawgroup.com
John F. Olsen
New York Bar No.: 2764082
(Admitted *pro hac vice*)
jolsen@fiplawgroup.com
FERDINAND IP LAW GROUP
450 Seventh Avenue, Suite 1300
New York, NY 10123
Telephone: (212) 220-0523
Facsimile: (203) 549-2339

John F. Renzulli
New York Bar No.: 1931476
(Admitted *pro hac vice*)
jrenzulli@renzullilaw.com
Joshua Paul
New York Bar No.: 1991389
(Admitted *pro hac vice*)
jpaul@renzullilaw.com
Gavin M. Strube
New York Bar No.: 5507728
(Admitted *pro hac vice*)
gstrube@renzullilaw.com
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 284-0700
Facsimile: (914) 285-1213

The court's jurisdiction over the protective order shall terminate upon dismissal of this case.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 1, 2021

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| POLYMER80, INC., | CASE NO.: 3:20-cv-00617-MMD-CLB |
| Plaintiff, | |
| v. | |
| GLOCK, INC.; and LIPSEY'S, LLC, | |
| Defendants. | |

## CONFIDENTIALITY UNDERTAKING

I have been informed by counsel for _____ that I am about to receive copies of certain documents, records, or other information that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by parties and/or non-parties under the terms of a Protective Order issued by the Court. A copy of the Protective Order is attached as Exhibit A.

I acknowledge that I have read and understand the terms of the Protective Order. I agree that: (a) I will not disclose any "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials to any person other than as permitted by the Protective Order; and (b) I will not make any copies of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials furnished to me except in accordance with the Protective Order. At the conclusion of my involvement in this case I will return all such Materials to the attorney from whom I received the Materials.

I agree that I will not use any "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" Materials, or the substance of information derived therefrom, for any purpose other than that of participating in this litigation, captioned above, and will not use in any business affairs of my employer or of my own, or impart to any other person, any such Materials or information derived therefrom.

///

///

///

///

I hereby submit myself to the jurisdiction of the United States District Court for the District of Nevada for the purpose of any issue or dispute that might arise under this Confidentiality Undertaking. I understand that my willful violation of the Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Printed Name: _____

Address: _____

Date: _____

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, NV 89511
775.324.4100

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Section IV of the District of Nevada Electronic Filing Procedures, I hereby certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and on this 29th day of January, 2021, I served the document entitled, **[PROPOSED] STIPULATED PROTECTIVE ORDER**, on counsel of record through the CM/ECF system.

/s/ *Jeff Tillison*
Employee of Brownstein Hyatt Farber Schreck, LLP